UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYED ABBAS, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 1691 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| LAURENA MIKOSZ, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## OPINION AND ORDER

Pending before the Court is Defendant Robert Rixer's Motion to Dismiss Count I and Count VI of Plaintiff's Amended Complaint. (Dkt. 162). For the reasons below, the Court denies Rixer's Motion to Dismiss [162]. Because Plaintiff's Amended Complaint simply added defendants and contains identical factual allegations with respect to the RICO claim against Rixer, the Court assumes familiarity with the factual background outlined in its December 6, 2023 Memorandum Opinion denying Defendants' earlier Motion to Dismiss. (Dkt. 74)

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570 (7th Cir. 2023) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.' " *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-

1

pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id.* (citing *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)). Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to "state with particularly the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, a plaintiff must "describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.' " *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

## DISCUSSION

### I. Successive Rule 12(b)(6) Motions to Dismiss

As a preliminary matter, Plaintiff argues that Rixer should not be permitted to contest the plausibility of Plaintiff's RICO claim for the second time in a successive motion to dismiss under Rule 12(b)(6). (Dkt. 174 at 1–3); Fed. R. Civ. P. 12(b)(6). In the Seventh Circuit, however, the law is that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Earlier in this litigation, Rixer joined Defendant Chase Real Estate, LLC's Motion to Dismiss Plaintiff's initial Complaint, which argued that Plaintiff failed to state a RICO claim under 18 U.S.C. § 1962(c) or § 1962(d) (Count I). (Dkt. 59 at 6–11; Dkts. 61, 67). Specifically, Defendants argued that Plaintiff generally failed to plead a distinct enterprise, failed to plead the predicate acts with requisite specificity, and

2

improperly attributed all alleged predicate acts to all Defendants. (Dkt. 59 at 6–11). Now, Rixer repeats similar arguments, albeit re-tailored to specifically address the plausibility of the RICO claim against him. (Dkt. 162 at 1–4). While rehashing Rule 12(b)(6) arguments already made in a prior motion to dismiss denied by the Court may not be advisable, it is permissible under Rule 12(h). *Ennenga*, 677 F.3d at 773 ("Stated differently, Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement.").

## II. Plausibility of Plaintiff's RICO Conspiracy Claim Against Defendant Rixer (Count I)

In Count I, Plaintiff asserts that Rixer, along with other Defendants, violated § 1962(d) by conspiring to violate § 1962(c).[1] 18 U.S.C. §§ 1962(c), (d); (Am. Compl., Dkt. 102 ¶¶ 135–45). Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). To state a claim under § 1962(d), a plaintiff "must allege that the defendant (1) agreed to maintain an interest in or control of an enterprise, or to participate in an enterprise's affairs, (2) through a pattern of racketeering activity, and (3) that the defendant agreed that some member of the conspiracy (not necessarily the defendant herself) would commit at least two predicate acts in furtherance of those goals." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 479 (7th Cir. 2017) (citing *DeGuelle v. Camilli*, 664 F.3d 192, 204 (7th Cir. 2011)); *Salinas v. United States*, 522 U.S. 52, 64 (1997). Before diving into the RICO allegations, it is worth noting that the complaints in the fifteen related cases pending before this Court—all describing the same RICO conspiracy and RICO enterprise comprised of the same or similar defendants[2]—give Plaintiffs' claims a plausibility boost. *See Pirelli Armstrong*

---

[1] Plaintiff does not allege that Rixer violated § 1962(c). (Am. Compl., Dkt. 102 ¶¶ 125–35).

[2] *See* Am. Complaint, *Malik v. Prairie Rainor LLC*, No. 23-cv-01182, (Dkt. 5); Am. Complaint, *Shankar v. Fairview Avenue Properties, LLC*, No. 23-cv-01469, (Dkt. 140); Am. Complaint, *Haynes v. Fairview Avenue Properties, LLC*, No. 23-cv-01596, (Dkt. 27); Am. Complaint, *Sor v. TCF National Holdings, Inc.*, No. 23-cv-02401, (Dkt. 101); Am. Complaint, *Chen v. Chojnacki*,

*Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) ("It is appropriate to accord limited corroborative weight to allegations in another's lawsuit.").

Rixer argues that Plaintiff fails to state a plausible RICO conspiracy claim because he alleges nothing more than "mere association with an alleged RICO enterprise[.]" (Dkt. 162 at 3). In so arguing, Rixer does not meaningfully contest the plausibility of the asserted RICO conspiracy but solely the plausibility of Rixer's participation in the conspiracy. But, as the Court previously concluded, Plaintiff sufficiently alleges the existence of close relationships between Rixer and the other Defendants and a pattern of coordinated actions by Rixer and other Defendants, including several synchronized real estate transactions and associated predicate acts of alleged wire fraud. (Dkt. 74 at 8–9, 13–14) (discussing Plaintiff's plausible allegations of close relationships between Rixer and the other Defendants as well as the pattern of coordinated actions). These allegations support a plausible inference that Rixer had knowledge of the conspiracy's "essential scope and nature" and intended to participate in it. *Domanus*, 847 F.3d at 479–80, 482 ("Formal agreement is not necessary; when the acts performed by the alleged members of the conspiracy are unlikely to have been done alone, the court may infer agreement."); *United States v. Volpendesto*, 746 F.3d 273, 284 (7th Cir. 2014) ("As with conspiracy in general, circumstantial evidence that the defendants agreed to participate in the enterprise is sufficient."). Plaintiff thus states a plausible RICO conspiracy claim under § 1962(d) (Count I). And because, as Rixer argues, Plaintiff's unjust enrichment claim (Count VI) turns on the RICO conspiracy claim, Plaintiff also states a plausible

---

No. 23-cv-02520, (Dkt. 106); Am. Complaint, *Michel v. Chojnacki*, No. 23-cv-02546, (Dkt. 110); Complaint, *Said v. Chojnacki*, No. 23-cv-02858, (Dkt. 2); Am. Complaint, *Stafford v. Chojnacki*, No. 23-cv-03173, (Dkt. 102); Complaint, *Hui v. Chojnacki*, No. 23-cv-03430; Complaint, *Fernandez v. Chojnacki*, No. 23-cv-04406, (Dkt. 1); Complaint, *Wiener v. Chojnacki*, No. 23-cv-16573, (Dkt. 1); Complaint, *Lin v. Chojnacki*, No. 24-cv-03725, (Dkt. 4); Second Am. Complaint, *Lanzetta v. 11902 Longwood LLC*, No. 24-cv-11404, (Dkt. 9); Am. Complaint, *Nowakowski v. Chojnacki*, No. 24-cv-11565, (Dkt. 1).

claim of unjust enrichment. (Dkt. 162 at 4). Accordingly, the Court denies Rixer's Motion to Dismiss. (Dkt. 162).

## CONCLUSION

For the reasons above, the Court denies Rixer's Motion to Dismiss [162].


Virginia M. Kendall
United States District Judge

Date: September 4, 2025